JODY L. WINTER, ESQ.
SBN: CA 249592 (active)
LLOYDWINTER, P.C.
1724 Broadway Street, Suite #6
Fresno, CA 93721
559-233-3636
559-385-2000 (fax)
jwinter@lloydwinterlaw.com

Attorneys for plaintiff Tetyana Dorsaneo

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT CALIFORNIA

| | |
|---|---|
| TETYANA DORSANEO, | CASE NO. 4:17-cv-00765-VC |
| Plaintiff, | **NOTICE OF PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(c)** |
| v. | |
| EDWARD MATTHEW DORSANEO, an individual, | |
| Defendant. | |

Date: July 20, 2017
Time: 10:00 a.m.
Dept: Courtroom 4 / 17th Floor
Judge: Hon. Vince Chhabria

///

///

///

///

///

///

///

///

///

///

# TABLE OF CONTENTS

**NOTICE OF PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(c)** .......................................................................................... 6

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(c)** ................ 6

I. STATEMENT OF ISSUES TO BE DECIDED ........................... 6

II. STATEMENT OF FACTS ...................................................... 7

    A) Undisputed Facts .......................................................... 7

    B) Defendant's Claims ...................................................... 8

III. LEGAL STANDARD ............................................................ 9

    A) This motion is properly and timely made ...................... 9

    B) Only the pleadings, exhibits thereto, and matters judicially notices may be considered ........................................................... 9

    C) Judgment as a matter of law ....................................... 10

    D) Insufficient affirmative defenses must be stricken ....... 10

IV. TETYANA IS ENTITLED TO JUDGMENT ON THE PLEADINGS ........... 11

    A) The elements for a breach of contract claim are established in the pleadings ........................................................... 11

        i) There was a contract ............................................... 11

        ii) The non-defendant oblige performed the contract ... 12

        iii) Defendant breached the contract ........................... 12

        iv) Resulting damages ................................................. 13

    B) Defendant's affirmative defenses are legally insufficient ........... 14

V. ALTERNATIVELY, TETYANA IS ENTITLED TO PARTIAL JUDGMENT ON THE PLEADINGS ................................. 16

VI. CONCLUSON .................................................................... 16

# TABLE OF AUTHORITIES

## CASES

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ................................................................ 10, 11

*Askew v. Askew* (1994) 22 Cal.App.4th 942 ................................................................ 15

*Barber v. Tadayasu Abo*, 186 F.2d 775, 777 (9th Cir. Cal. 1951) ................................. 9, 10

*Boyd v. Boyd* (1964) 228 Cal.App.2d 374 ................................................................ 15

*Buckley, supra*, 133 Cal.App.3d at 932 ................................................................ 15

*Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 (9th Cir. Ariz. 2011) ................................................................ 9

*City of Los Angeles v. Lyons*, 461 U.S. 95, 98 (1983) ................................................ 16

*Colaprico v. Sun Microsystems, Inc.*, 758 F.Supp.1335, 1339 (N.D. Cal. 1991) ................................................................ 11, 15

*Cutler v. Bank of America National Trust & Savings Association*, 441 F. Supp. 863, 866 (N.D. Cal. 1977) ................................................................ 16

*Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. Wash. 2005) ................................ 9

*Erler v. Erler*, 824 F.3d 1173, 1175-1176, 1177, 1179-1180 (9th Cir. Cal. 2016) ................................................................ 11, 12, 13, 14, 15

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. Cal. 1989) ................................................................ 9, 10, 14

*Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131 (9th Cir. Cal. 2012) ................................ 10, 11, 13

*Hart v. Baca*, 204 F.R.D. 456, 457 (C.D. Cal. 2001) ................................................ 11, 15, 16

*In re Marriage of Buckley* (1982) 133 Cal.App.3d 927 ................................................ 15

*Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. Cal. 2001) ............................ 10

*MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. Wash. 2006) ................................................................ 10

*Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. Cal. 1986) .................... 10

*Marshall Naify Revocable Trust v. United States*, 672 F.3d 620, 623 (9th Cir. Cal. 2012) ................................................................ 10, 11

*Motown Record Corp. v. George A. Hormel & Co.*, 657 F.Supp.1236, 1238 (C.D. Cal. 1987) ................................................................ 16

/ / /

*Penilla v. Westmont Corp.* (2016) 3 Cal.App.5th 205, 221 ................................................. 13

*Reichert v. General Ins. Co.* (1968) 68 Cal.2d 822, 830; Civ. Code § 1559 ..................... 11

## OTHER AUTHORITIES

8 C.F.R. § 213a.2(e)(2)(i) ..................................................................................... 12, 13, 14

8 U.S.C. § 1183a ....................................................................................... 8, 12, 13, 14

8 U.S.C. § 1183a(a)(1)(C) ............................................................................................. 8

8 U.S.C. § 1183a(e)(I.) .................................................................................................. 8

28 U.S.C. § 1331 ........................................................................................................... 8

28 U.S.C. § 1391(e)(1)(A) ............................................................................................ 8

Civil Code Section 43.4 ............................................................................................. 15

Civil Code Section 43.5 ............................................................................................. 15

Fed. R. Civ. Proc. R. 12(b)(6) ...................................................................................... 9

Fed. R. Civ. Proc. R. 12(c) ........................................................................................... 9

Fed. R. Civ. Proc. R. 12(f) .................................................................................... 11, 15

Fed. R. Evid. 201 ........................................................................................................ 14

**PAGE INTENTIONALLY LEFT BLANK**

## NOTICE OF PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(c)

TO EACH PARTY AND ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on Thursday, July 20, 2017, at 10:00 a.m., or as soon thereafter as the matter can be heard, in Courtroom 4 of the above-entitled Court, located at 450 Golden Gate Avenue, 17th Floor, San Francisco, CA 94102, plaintiff Tetyana Dorsaneo ("Tetyana") will, and hereby does, move for judgment on the pleadings (the "motion").

Tetyana seeks an order granting judgment on the pleadings, in her favor, on her complaint, including an award of the relief prayed for therein. The motion is based on this notice, all pleadings, papers, records on file in this action, the attached supporting memorandum, and/or any and all items of which this Court may take judicial notice.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(c)

Plaintiff Tetyana Dorsaneo ("Tetyana") states her motion for judgment on the pleadings (the "motion") as follows:

## I.

## STATEMENT OF ISSUES TO BE DECIDED

In her motion, Tetyana asks this Court to determine, on the pleadings, that she is entitled to have judgment on her complaint entered – in full – in her favor. If this Court declines to do so, Tetyana requests entry of partial judgment in her favor. As such, the issues to be decided are:

1) Whether the motion is timely and properly filed;

2) Whether Tetyana's request for judicial notice filed concurrently herewith should be granted;

3) Whether Tetyana is entitled to judgment on the pleadings – either in full or in part – as a matter of law; and

1    4) Whether Defendant's affirmative defenses should be stricken as insufficient.

2    **II.**

3    **STATEMENT OF FACTS**

4    The parties agree that a contract has been signed via Form I-864. They agree on the

5    statute that governs that contract. The only alleged issue for dispute is whether defendant

6    Edward Matthew Dorsaneo ("defendant") was excused from performing the contract in

7    question. He is not excused as a matter of law.

8    No material issues of fact need to be resolved for that issue to be determined, and

9    judgment granted, as a matter of law. Therefore, this case is properly determined on the

10   pleadings.

11   **A) Undisputed Facts**

12   The following facts are not in dispute. They were set forth in Tetyana's verified

13   complaint in this action and admitted in defendant's answer to that complaint.[1]

14   This is a lawsuit for immigration financial support under the Form I-864, Affidavit

15   of Support ("Form I-864") (Complaint ¶ 1) A true and correct copy of the Form I-864 at

16   issue here was attached to the Complaint as Exhibit 1. (*Id.* at ¶ 1, Exhibit 1)

17   Defendant is a citizen of the United States of America, residing in Rohnert Park,

18   County of Sonoma, California. (Complaint ¶¶ 9, 11, 24; Answer ¶¶ 5, 8) Tetyana is a

19   citizen of Ukraine. (Complaint ¶ 25; Answer ¶ 8) Tetyana and defendant were legally

20   married on September 24, 2013. (Complaint ¶ 26; Answer ¶ 8) Defendant thereafter

21   elected to petition for Tetyana to immigrate to the United States by, among other things,

22   signing Form I-864. (Complaint ¶¶ 4, 5, 26, 27; Answer ¶ 8)

23   Form I-864 was created by the United States Congress in 1996 to ensure that

24   family-sponsored immigrants are guaranteed a basic level of financial support, sufficient

25   to meet the most basic needs of life. (Complaint ¶ 2) In mandating Form I-864, Congress

26   required visa sponsors, rather than the American people via the U.S. government, to serve

27   _____

[1] True and correct copies of the complaint and answer are attached hereto as Exhibits 1

28   and 2, respectively.

-7-

as a safety net to new immigrants. (*Ibid.*) By signing Form I-864, defendant obligated himself to provide financial support to Tetyana. (Complaint, ¶¶ 2, 4, 5, 27, Exhibit 1; Answer ¶¶ 3, 8) Form I-864 is a contractual promise to provide statutorily-mandated financial support. (*Ibid.*)

This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331, as this action arises under federal immigration law. 8 U.S.C. § 1183a(e)(I.) (Complaint ¶ 4; Answer ¶ 3) This court has personal jurisdiction over defendant as, by signing Form I-864, defendant submitted to the jurisdiction of any court with subject matter jurisdiction over Tetyana's claims. 8 U.S.C. § 1183a(a)(1)(C). (Complaint ¶ 5; Answer ¶ 3) Venue in this matter is proper in this United States District because the defendant resides in this district. 28 U.S.C. § 1391(e)(1)(A). (Complaint ¶ 6; Answer ¶ 3) 8 U.S.C. § 1183a governs this case. (Complaint ¶ 4; Answer ¶ 3)

### B) Defendant's Claims

Defendant admits he signed Form I-864 and is bound by the statutory support obligations that result from his doing so. (Complaint ¶¶ 2, 4, 5, 27, Exhibit 1; Answer ¶¶ 3, 8) Defendant has not provided the support required under Form I-864, therefore, he has breached that obligation and Tetyana is entitled to the relief requested. (*Ibid.*)

Because he has admitted to signing Form I-864 and admitted the validity and legality of Form I-i64 and the support obligations it places upon him, defendant had only two possible defenses in this case. He could have claimed that he has provided (and continues to provide) all of the support necessary under Form I-864. Or, he could attempt to produce some legal excuse for his non-compliance with the support obligations.

Defendant has taken the second approach.[2] He sets forth three affirmative defenses

---

[2] Defendant makes a vague attempt at the first approach in his answer. However, instead of outright stating that he has provided the required financial support, he claims to lack sufficient knowledge or information to admit or deny whether he has done so. (Answer ¶¶ 2, 4, 6, 7, 9, 10) Certainly, defendant knows whether he has provided Tetyana with financial support. His claim not to know whether he has done so is disingenuous. The reasonable inference from the face of the pleading is that defendant does not dispute non-payment of the financial obligation but instead is mounting a defense that he is excused from performance of the obligation.

-8-

1    that he claims provide him with an excuse to not perform his Form I-864 obligations.

2    (Answer p. 2) Defendant's affirmative defenses are not legally sufficient, and judgment

3    should be entered on the pleadings in Tetyana's favor.

### III.

### LEGAL STANDARD

**A) This Motion is properly and timely made**

"After the pleadings are closed – but early enough not to delay trial – a party may

move for judgment on the pleadings." Fed. R. Civ. Proc. R. 12(c). "The pleadings are

closed for the purposes of Rule 12(c) once a complaint and answer have been filed,

assuming, as is the case here, that no counterclaim or cross-claim is made." *Doe v. United*

*States*, 419 F.3d 1058, 1061 (9th Cir. Wash. 2005).

Both the complaint and answer have been filed. No counterclaim or cross-claim

has been made. Trial has not yet been set, and will therefore not be delayed by this

motion. This motion is ripe for consideration by this Court. Fed. R. Civ. Proc. R. 12(c);

*Doe, supra*, 419 F.3d at 1061.

**B) Only the pleadings, exhibits thereto, and matters judicially noticed may be**
**considered**

Federal Rule of Civil Procedure 12(c) is "functionally identical" to Federal Rule of

Civil Procedure 12(b)(6), such "that the same standard of review applies to motions

brought under either rule." *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 (9th

Cir. Ariz. 2011). A court may not go beyond the pleadings to resolve any portion of a

motion for judgment on the pleadings. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*,

896 F.2d 1542, 1550 (9th Cir. Cal. 1989). Reliance on or consideration of declarations,

witness testimony, etc. is patently improper. *Ibid*.

However, exhibits to the complaint and similar documents upon which the

complaint necessarily relies are considered part of the pleadings for purposes of a motion

for judgment on the pleadings. *Barber v. Tadayasu Abo*, 186 F.2d 775, 777 (9th Cir. Cal.

1     1951); *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. Cal. 2001). In addition,

2     under Federal Rule of Evidence 201, a court deciding a motion for judgment on the

3     pleadings may consider facts properly judicially noticed. *Mack v. South Bay Beer Distrib.*,

4     798 F.2d 1279, 1282 (9th Cir. Cal. 1986).

5         To determine this motion, this Court must consider only Tetyana's complaint, the

6     exhibit thereto, defendant's answer, and any matter properly judicially noticed. *Ibid*;

7     *Barber, supra*, 186 F.2d at 777; *Lee, supra*, 250 F.3d at 688-689.

8         **C) Judgment as a matter of law**

9         Judgment on the pleadings should be granted if Tetyana "clearly establishes on the

10    face of the pleadings that no material issue of fact remains to be resolved and that [she] is

11    entitled to judgment as a matter of law." *Hal Roach Studios, supra*, 896 F.2d at 1550. This

12    Court should accept all undisputed facts as true. *MacDonald v. Grace Church Seattle*, 457

13    F.3d 1079, 1081 (9th Cir. Wash. 2006). As to all remaining facts, those "of the

14    nonmoving party are accepted as true, while contradicting allegations of the moving party

15    are assumed to be false." *Ibid*.

16        Tetyana need not prove that every fact in her complaint is undisputed. She need

17    only establish that "the complaint at issue contains sufficient factual matter, accepted as

18    true, to state a claim of relief that is plausible on its face." *Harris v. Cnty. of Orange*, 682

19    F.3d 1126, 1131 (9th Cir. Cal. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678

20    (2009)). That, considering all undisputed facts and accepting defendant's contradictory

21    facts as true, Tetyana is entitled to judgment under the law. *Marshall Naify Revocable*

22    *Trust v. United States*, 672 F.3d 620, 623 (9th Cir. Cal. 2012). If so, she is entitled to

23    prevail, even if facts related to the case remain in dispute. *Harris, supra*, 682 F.3d at 1131.

24        **D) Insufficient affirmative defenses must be stricken**

25        This Court must consider defendant's affirmative defenses in determining whether

26    Tetyana is entitled to prevail on her motion. *Marshall Naify, supra*, 672 F.3d at 623.

27    However, only those affirmative defenses that are sufficient as a matter of law need be

28

-10-

given any consideration. *See* Fed. R. Civ. Proc. R. 12(f); *Colaprico v. Sun Microsystems, Inc.*, 758 F.Supp.1335, 1339 (N.D. Cal. 1991). Where an affirmative defense is legally insufficient, the court should make a determination of its insufficiency and strike it as early as possible in the litigation, "to avoid the needless expenditures of time and money in litigating the defense." *Hart v. Baca*, 204 F.R.D. 456, 457 (C.D. Cal. 2001).

## IV.

## TETYANA IS ENTITLED TO JUDGMENT ON THE PLEADINGS

The undisputed facts in this case are sufficient to establish that defendant has breached his obligations to Tetyana under Form I-864. Defendant's denials and affirmative defenses are legally insufficient to overcome Tetyana's stated case. Tetyana is therefore entitled to judgment on the pleadings. *Harris, supra*, 682 F.3d at 1131; *Ashcroft, supra*, 556 U.S. at 678.

Tetyana is a third-party beneficiary of the Form I-864 contract at issue in this case. *Erler v. Erler*, 824 F.3d 1173, 1175-76 (9th Cir. Cal. 2016). She therefore may enforce it. Civ. Code § 1559.

To state her cause of action for breach of contract, Tetyana must establish that there was a contract, that the non-defendant obligee performed, that defendant breached the contract, and that as a result, damages were suffered. *Reichert v. General Ins. Co.* (1968) 68 Cal.2d 822, 830; Civ. Code § 1559. She must also negate any affirmative defenses to her claim for breach of contract alleged by defendant. *Marshall Naify, supra*, 672 F.3d at 623.

**A) The elements for a breach of contract claim are established in the pleadings**

**i) There was a contract**

Defendant admits he signed Form I-864 and is bound by the statutory support obligations that accompany signing Form I-864. (Complaint ¶¶ 2, 4, 5, 27, Exhibit 1; Answer ¶¶ 3, 8) The Form I-864 is the contract at issue here. (*Ibid.*)

///

1    **ii) The non-defendant obligee performed the contract**

2    The non-defendant obligee in this case is the United States government. Its promise

3    under Form I-864 was to allow Tetyana entry into the United States in exchange for

4    defendant's promise to financially provide for her. It did so. (Complaint ¶¶ 2, 4, 25, 26,

5    27, Exhibit 1; Answer ¶¶ 3, 8)

6    **iii) Defendant breached the contract**

7    Defendant's obligation under the contract was to provide financial support for

8    Tetyana according to the statutory terms. (Complaint ¶¶2, 4, 5, 27, Exhibit 1; Answer ¶¶

9    3, 8)

10    "The Immigration and Nationality Act forbids admission to the United States of

11    any alien who 'is likely at any time to become a public charge.'" *Erler, supra* 824 F.3d at

12    1175 (quoting 8 U.S.C. § 1182(a)(4)). These inadmissible persons may become

13    admissible if a sponsor signs an affidavit of support. *Erler, supra*, 824 F.3d at 1175; 8

14    U.S.C. § 1183a. These affidavits – called a Form I-864 – are governed by 8 U.S.C. §

15    1183a.

16    "Once executed, the [Form I-864] becomes a contract between the sponsor and the

17    U.S. Government for the benefit of the sponsored immigrant . . ." *Erler, supra*, 824 F.3d

18    at 1175-1176. Under federal law, a Form I-864 affidavit remains enforceable indefinitely

19    unless one of five terminating events occurs. *Ibid*; 8 C.F.R. § 213a.2(e)(2)(i); 8 U.S.C. §

20    1183a. Nothing other than those terminating events – not even divorce or remarriage to

21    another person – terminates sponsorship obligations under Form I-864. *Erler, supra*, 824

22    F.3d at 1177.

23    Because the primary purpose of the sponsorship requirement is to "prevent the

24    admission to the United States of any alien who 'is likely at any time to become a public

25    charge,'" Form I-864 affidavits are strictly interpreted against the sponsor. *Erler, supra*,

26    824 F.3d at 1177-1179. The affidavits must be interpreted "in a way that makes

27    prospective sponsors more cautious about sponsoring immigrants." *Ibid*. Any close call

28

-12-

should be interpreted in favor of requiring strict and ongoing financial support. *Ibid.* Even a windfall to a sponsored immigrant is preferred to releasing a sponsor from payment obligations outside of the strict conditions set forth in the statute. *Ibid.*

The amount of support due is statutorily mandated as well. The statute provides that a sponsor must "provide the immigrant with whatever support is necessary to maintain him or her at an annual income of at least 125% of the [federal] poverty guidelines for a one-person household." *Erler, supra,* 824 F.3d at 1179-1180.

For Tetyana to qualify for admission to the United States, defendant agreed to become her sponsor and signed a Form I-864 affidavit. (Complaint ¶¶ 4, 5, 26, 27; Answer ¶¶ 3, 8) By doing so, he obligated himself to provide Tetyana with whatever financial support was necessary to maintain her at an annual income of at least 125% of the federal poverty guidelines for her household size. *Erler, supra,* 824 F.3d at 1179-1180. These facts are not in dispute.

The <u>only</u> way defendant could be released from his financial support obligations would be the occurrence of one of the five terminating events. *Erler, supra,* 824 F.3d at 1175-1176; 8 C.F.R. § 213a.2(e)(2)(i); 8 U.S.C. § 1183a. Nowhere in his answer does defendant raise the claim or defense that one of those terminating events has occurred. Tetyana testified that they have not. (Complaint ¶ 32) In fact, therefore, no terminating event has occurred. By law, the financial support obligation exists and continues.

Defendant's affirmative defenses do not include a claim that he has met his support obligations. (Answer p. 2) Instead, he argues that he is excused from performance of those obligations. (*Ibid.*) Taken as a whole, the law and undisputed facts show defendant owes Tetyana a financial support obligation and has not paid it. *Harris, supra,* 682 F.3d at 1131.

### iv) Resulting damages

The amount of support required to be paid by defendant is mandated by statute and can be judicially noticed. *Penilla v. Westmont Corp.* (2016) 3 Cal.App.5th 205, 221

/ / /

-13-

1   (the federal poverty guidelines can be judicially noticed); Fed. R. Evid. 201 (statutes may

2   be judicially noticed).

3       Defendant was required to pay Tetyana $1,216 per month since February 5, 2014.

4   (Complaint ¶¶ 40-45) He is required to continue to do so until one of the five terminating

5   events occurs. *Erler, supra*, 824 F.3d at 1175-1176; 8 C.F.R. § 213a.2(e)(2)(i); 8 U.S.C. §

6   1183a.

7       Because the amount of support can be judicially noticed and calculated based on

8   the statutory formula, as a matter of law, Tetyana has established her right to judgment on

9   the pleadings. *Hal Roach Studios, supra*, 896 F.2d at 1550; Fed. R. Evid. 201.

10       **B) Defendant's affirmative defenses are legally insufficient**

11       Defendant does not claim that he has been meeting his financial support obligations

12   to Tetyana. He does not claim that any of the statutory bases for termination of those

13   obligations (the five terminating events) occurred. Instead, his alleged defense in this case

14   is that those obligations are negated because: 1) the affidavit was procured by fraud

15   because Tetyana only married him to procure a green card/citizenship and never intended

16   to stay married to him; 2) Tetyana is estopped from bringing her claim for support

17   because she never intended to fulfill her marriage to defendant[3]; and 3) the affidavit was

18   procured illegally because Tetyana defrauded defendant to obtain a green card/citizenship.

19   (Answer p. 2) These are all variations on the same theme: the obligations defendant

20   signed up for in signing the Form I-864 should be negated because Tetyana only married

21   him to obtain a green card.

22       The <u>only</u> way defendant could be released from his financial support obligations

23   would be the occurrence of one of the five terminating events. *Erler, supra*, 824 F.3d at

24   1175-1176; 8 C.F.R. § 213a.2(e)(2)(i); 8 U.S.C. § 1183a. An allegation of fraud in the

25   inducement of marriage to obtain a green card is not a terminating event. *Ibid*. The statute

26   is strict and narrow on purpose, to discourage potential sponsors from entering into the

---

27

28 [3] It is unclear what defendant means in this defense, as it is undisputed that Tetyana did, in fact, marry defendant. (Complaint ¶ 26; Answer p. 1)

1  financial obligation required by Form I-864 affidavit lightly. *Erler, supra*, 824 F.3d at
2  1177-1179.

3  　　　　Even if the statute did not so clearly bar defendant's defenses, the defenses are
4  impermissible heart balm arguments. California explicitly outlaws "heart balm" causes of
5  action, wherein one party seeks damages as a result of wrongful inducement to marry or
6  other incidences of marriage gone wrong. Civil Code Section 43.5 provides that "[n]o
7  cause of action arises for . . . (d) [b]reach of promise of marriage." The Legislature set
8  forth an even broader standard in Civil Code Section 43.4, which holds that "[a]
9  fraudulent promise to marry or cohabit after marriage does not give rise to a cause of
10  action for damages."

11  　　　　The scope of these statutes is quite broad. *Boyd v. Boyd* (1964) 228 Cal.App.2d
12  374; *In re Marriage of Buckley* (1982) 133 Cal.App.3d 927; *Askew v. Askew* (1994) 22
13  Cal.App.4th 942. Their purpose is to relieve the courts from wasting judicial resources
14  solving lovers' spats, even where those spats result in damages. *Ibid.* That the parties did
15  or did not actually marry does not remove a cause of action from the heart balm statutes.
16  *Boyd, supra*, 228 Cal.App.2d at 377. Nor is it relevant that the claim is phrased as one for
17  tort (such as fraud) as opposed to contract. *Id.* at 378-79; *Buckley, supra*, 133 Cal.App.3d
18  at 932. "The statute on its face makes no distinction between one kind of damage and
19  another." *Boyd, supra*, 228 Cal.App.2d at 380.

20  　　　　Any type of damage or defense claimed as a result of a fraudulent statement
21  inducing a marriage is a heart balm cause of action and cannot be brought before the
22  court. *Boyd, supra*, 228 Cal.App.2d at 380.

23  　　　　Therefore, defendant's affirmative defenses are not sufficient as a matter of law.
24  They should be stricken by this Court and not given any consideration. *See* Fed. R. Civ.
25  Proc. R. 12(f); *Colaprico, supra*, 758 F.Supp. at 1339; *Hart, supra*, 204 F.R.D. at 457.
26  / / /
27  / / /
28

-15-

**V.**

**ALTERNATIVELY, TETYANA IS ENTITLED TO PARTIAL JUDGMENT ON**

**THE PLEADINGS**

Tetyana submits that she is entitled to the full relief sought in her complaint on her motion. In the event this Court finds that certain aspects of her complaint are not properly determined on the pleadings, Tetyana requests that this Court grant her a partial judgment on the pleadings. Numerous cases provide for partial judgment on the pleadings, including cases from the United States Supreme Court. *City of Los Angeles v. Lyons*, 461 U.S. 95, 98 (1983); *Motown Record Corp. v. George A. Hormel & Co.*, 657 F.Supp.1236, 1238 (C.D. Cal. 1987); *Cutler v. Bank of America National Trust & Savings Association*, 441 F. Supp. 863, 866 (N.D. Cal. 1977).

This Court has discretion to fashion an order for partial judgment on the pleadings on any claim or fact this Court deems proper. *City of Los Angeles, supra*, 461 U.S. at 98. Any issue not in dispute or capable of determination by law should be determined now by this Court, to avoid an unnecessary waste of judicial resources going forward. *Ibid*; *Hart, supra*, 204 F.R.D. at 457.

**VI.**

**CONCLUSION**

Tetyana requests that this Court grant her motion and issue an order granting her the full relief requested in her complaint. Alternatively, Tetyana requests that this Court issue partial summary relief on the pleadings to the extent this Court deems appropriate.

Dated: May *16*, 2017        LLOYDWINTER, P.C.

By: _____

    Jody L. Winter,
    Attorney for plaintiff
    Tetyana Dorsaneo

-16-

# EXHIBIT "1"

1  JODY L. WINTER, ESQ.
   SBN: CA 249592 (active)
2  LLOYDWINTER, P.C.
   1724 Broadway Street, Suite #6
3  Fresno, CA 93721
   559-233-3636
4  559-385-2000 (fax)
   jwinter@lloydwinterlaw.com
5
   Attorneys for plaintiff
6  Tetyana Dorsaneo

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT CALIFORNIA

10

11 | TETYANA DORSANEO,                    | CASE NO.
   |                                      |
12 |            Plaintiff,                | **VERIFIED COMPLAINT FOR**
   |                                      | **BREACH OF CONTRACT**
13 | v.                                   | **(FORM I-864, U.S.C. 1182(A)(4)(C))**
   |                                      |
14 | EDWARD MATTHEW                       |
   | DORSANEO, an individual,             | JURY TRIAL REQUESTED
15 |                                      |
   |            Defendant.                |
16

17

18 **TO: THE HONORABLE JUDGE OF THE ABOVE ENTITLED COURT**

19     COMES NOW plaintiff, Tetyana Dorsaneo, in the above captioned action, and

20 alleges as follows against defendant Edward Matthew Dorsaneo:

21                                  **I.**

22                            **INTRODUCTION**

23     1.     This is a lawsuit for immigration financial support under the Form I-864,

24 Affidavit of Support ("Form I-864"). (A true and correct copy of a Form I-864 is attached

25 hereto as Exhibit 1.)

26     2.     The Form I-864 was created by the United States Congress in 1996 to

27 ensure that family-sponsored immigrants are ensured a basic level of financial support,

28 sufficient to meet the most basic needs of life. In mandating the Form I-864, Congress

1  required visa sponsors, rather than the American people, serve as a safety net to new

2  immigrants.

3       3.     Plaintiff is the Beneficiary of a Form I-864 signed by the defendant.

4  Defendant has failed to provide plaintiff with the basic level of subsistence support

5  promised in the Form I-864 contract. This lawsuit seeks to compel the defendant to fulfill

6  his support duty mandated by the Form I-864 contract and federal law.

7  ## II.

8  ## JURISDICTION

9       4.     This Court has subject matter jurisdiction over this lawsuit pursuant to 28

10  U.S.C. § 1331, as this action arises under federal immigration law. 8 U.S.C. § 1183a(e)(I).

11       5.     This court has personal jurisdiction over defendant as, by signing the

12  Form I-864 defendant submitted to the jurisdiction of any court with subject matter

13  jurisdiction over plaintiff's claims. 8 U.S.C. § 1183a(a)(1)(C).

14  ## III.

15  ## VENUE

16       6.     Venue in this matter is proper in this United States District because the

17  defendant resides in this district. 28 U.S.C. § 1391(e)(1)(A).

18  ## IV.

19  ## PLAINTIFF

20       7.     Plaintiff Tetyana Dorsaneo is a citizen of Ukraine and lawful permanent

21  resident ("LPR") of the United States of America.

22       8.     Plaintiff resides in County of Lackawanna, Pennsylvania.

23  ## V.

24  ## DEFENDANT

25       9.     Defendant Edward Matthew Dorsaneo is a citizen of the United States of

26  America.

27  ////

28

-2-

10.     As further alleged below, defendant served as plaintiff's immigration sponsor, thereby contractually promising to provide a specified level of income to her.

11.     Defendant resides in Rohnert Park, County of Sonoma, California.

## VI.

## FACTUAL ALLEGATIONS

### Background concerning the Form I-864 Affidavit of Support

12.     Plaintiff incorporates paragraphs 1 through 11 as though fully set forth herein.

13.     United States immigration law has long prohibited immigration by individuals deemed likely to be a drain on public resources.

14.     The current immigration statute, in effect at all times material to the facts alleged herein, forbids the entry of immigrants determined likely to become a "public charge." 8 U.S.C. § 1182(a)(4).

15.     The Form I-864 is required for a family-based immigrant visa applicant to overcome public charge inadmissibility. *See* 8 U.S.C. § 1182(a)(4)(C).

16.     Creation of the Form I-864 was mandated by Congress to ensure that certain classes of immigrants to the United States would be guaranteed a level of financial support necessary to meet basic human needs. *Cf.* Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009; *see, e.g.,* *Love v. Love,* 33 A. 3d 1268, 1276 (Pa. Super. Ct. 2011) ("[i]t is abundantly clear that the purpose of the Affidavit is to prevent an immigrant spouse from becoming a public charge").

17.     The immigration agencies published interim regulations implementing the Form I-864 in the summer of 1997, which regulations were finalized in 2006. Affidavits of Support on Behalf of Immigrants, 62 Fed. Reg. 54346 (Oct. 20, 1997) (to be codified at 8 C.F.R. § 213.a1 *et seq.*) (hereinafter Preliminary Rules); Affidavits of Support on Behalf of Immigrants, 71 Fed. Reg. 35732 (June 21, 2006).

18. The Form I-864 has been mandatory in marriage-based immigrant visa cases at all times material to the case at bar.

19. The Form I-864 is a legally binding contract between the sponsor and the United States Government.

20. By signing the Form I-864, the sponsor expressly agrees to provide the intending immigrant with any support necessary to maintain her at an income that is at least 125 percent of the Federal Poverty Guidelines for her household size.

21. The Federal Poverty Guidelines are published annually in the Federal Register, which published numbers govern the claims asserted herein.

22. The Form I-864 support obligation may be enforced by the immigrant beneficiary, who is a third-party beneficiary thereof. *See In re Marriage of Khan*, No. 44814-9-II, 2014 Wash. App. LEXIS 1916, at *4-5 (Div. II, Aug. 5, 2014).

23. The Form I-864 specifies that the sponsor's support duty continues until the beneficiary: (1) becomes a U.S. citizen; (2) can be credited with 40 quarters of work; (3) is no longer a permanent resident and has departed the U.S.; (4) after being ordered removed seeks permanent residency based on a different I-864; or (5) dies (collectively "the Terminating Events").

**Facts concerning Plaintiff's claims**

24. Defendant is a citizen of the United States of America.

25. Plaintiff is a citizen of Ukraine.

26. Plaintiff and defendant were legally married on September 24, 2013.

27. Defendant thereafter elected to petition for plaintiff to immigrate to the United States.

28. Because he was the immigration petitioner, U.S. immigration law required, as a precondition to approval of plaintiff's application, that defendant execute and file with the U.S. immigration authorities a Form I-864 in support of plaintiff (the specific document executed by Sponsor is referred to hereinafter as the "Contract")

-4-

1    29.    Defendant's support duty under the Contract was subject to the condition

2    precedent that Plaintiff gain status as a Lawful Permanent Resident ("LPR") based on the

3    Contract signed by defendant.

4    30.    Plaintiff was granted status as an LPR of the United States on February 5,

5    2014.

6    31.    Plaintiff's LPR status was based on the Contract signed by defendant.

7    32.    None of the Terminating Events set forth in the Contract have yet

8    occurred.

9    33.    Defendant has failed to provide plaintiff with financial support as

10   required under the Contract.

11                                    **VII.**

12                        **FIRST CAUSE OF ACTION**

13                          **(Breach of Contract)**

14   34.    Plaintiff incorporates paragraphs 1 through 33 as though fully set forth

15   herein.

16   35.    By executing the Contract, defendant entered into an express written

17   contract with the United States Government.

18   36.    Plaintiff is a third-party beneficiary of the Contract.

19   37.    Plaintiff has standing as a third-party beneficiary to enforce her rights

20   under the Contract.

21   38.    Under the express terms of the Contract defendant agreed to provide

22   Plaintiff with any support necessary to maintain her at an income that is at least 125

23   percent of the Federal Poverty Guidelines for her household size.

24   39.    Defendant's responsibility to provide income support commenced on

25   February 5, 2014 when plaintiff became a lawful permanent resident of the United States.

26   40.    All conditions precedent to defendant's duty to perform on the Contract

27   were fulfilled as of February 5, 2014.

28

-5-

1    41.    Defendant has breached the Contract by failing to provide income support

2  to Plaintiff.

3    42.    As a result of defendant's breach, plaintiff has suffered damages in an

4  amount to be proven at trial, but in no case less than $40,128.00.

5    43.    Each month, defendant was required to pay plaintiff $1,216, and that

6  obligation began approximately 33 months ago.  Therefore, defendant is responsible for

7  $40,128 in arrears to plaintiff plus interest, which totals approximately $45,478.40 owed

8  at the time of filing this complaint.

9    44.    Plaintiff's obligation continues going forward. Under the I-864 contract,

10  his obligation continues until one of the Terminating Events occurs.

11    45.    None of the Terminating Events has occurred. Therefore, defendant owes

12  plaintiff $1,216 per month going forward, and plaintiff requests an order from the Court

13  compelling defendant's performance of the Contract until one of the Terminating Events

14  occurs.

15  ////

16  ////

17  ////

18  ////

19  ////

20  ////

21  ////

22  ////

23  ////

24  ////

25  ////

26  ////

27  ////

28

-6-

1

**VIII.**

2

**PRAYER**

3     WHEREFORE, plaintiff prays for judgment against defendant as follows:

4         1. For entry of judgment against defendant and in favor of plaintiff on each and

5     every cause of action asserted herein;

6         2. For an award of damages in an amount not less than $40,128.00, calculated as

7     set forth herein, including but not limited to an amount equivalent to 125% of the Federal

8     Poverty Guideline for plaintiff's household for the period from February 5, 2014 to the

9     date on which judgment issues;

10        3. For prejudgment interest on the above sum in an amount not less than

11    $5,350.40;

12        4. For a declaration that plaintiff is entitled to continued receipt of financial

13    support from defendant in the amount of 125% the Federal Poverty Guidelines for her

14    household size, less actual income, until the occurrence of one of the Terminating Events.

15        5. For an order of specific performance, requiring defendant to make monthly

16    payments to plaintiff of $1,216, until such time as a Terminating Event occurs;

17        6. For an award of all of plaintiff's attorney fees;

18        7. For an award of all of plaintiff's costs;

19        8. For the right to amend this complaint as appropriate to conform to the evidence

20    presented at trial; and

21        9. For such other and further relief in plaintiff's favor as the Court may deem just

22    and equitable under the circumstances.

23    Dated: February 7, 2017                    LLOYDWINTER
                                                  A Professional Corporation
24

25

26                                                By: _____

27                                                    Jody L. Winter,
                                                      Attorney for plaintiff
                                                      Tetyana Dorsaneo
28

-7-

1

## VERIFICATION

2      I am a party to this action.  The matters stated in the foregoing document are true

3   of my own knowledge and to those matters which are stated, on information and belief,

4

5   and as to those matters I believe them to be true.

6      I declare, under penalty of perjury under the laws of the State of Pennsylvania, that

7   the foregoing is true and correct.

8

9

10      Executed this ___10___ day of February, 2017, County of Lackawanna,

11   Pennsylvania.

12

13

14

15                                                  Tetyana Dorsaneo

16

17

18

19

20

21

22

23

24

25

26

27

28

-8-

# EXHIBIT "1"



# Affidavit of Support Under Section 213A of the INA

## Department of Homeland Security
## U.S. Citizenship and Immigration Services

**USCIS**
**Form I-864**
OMB No. 1615-0075
Expires 07/31/2017

| For USCIS Use Only | Affidavit of Support Submitter | Section 213A Review | Number of Support Affidavits in File |
|---|---|---|---|
| | ☐ Petitioner | ☐ MEETS requirements ☐ DOES NOT MEET requirements | ☐ 1 ☐ 2 |
| | ☐ 1st Joint Sponsor | | **Remarks** |
| | ☐ 2nd Joint Sponsor | Reviewed By: _____ | |
| | ☐ Substitute Sponsor | Office: _____ | |
| | ☐ 5% Owner | Date (mm/dd/yyyy): _____ | |

▶ **START HERE - Type or print in black ink.**

## Part 1.  Basis For Filing Affidavit of Support

I, _____ ,
am the sponsor submitting this affidavit of support because
(Select only one box):

**1.a.** ☐ I am the petitioner.  I filed or am filing for the immigration of my relative.

**1.b.** ☐ I filed an alien worker petition on behalf of the intending immigrant, who is related to me as my
_____

**1.c.** ☐ I have an ownership interest of at least 5 percent in
_____
which filed an alien worker petition on behalf of the intending immigrant, who is related to me as my
_____

**1.d.** ☐ I am the only joint sponsor.

**1.e.** ☐ I am the  ☐ first  ☐ second of two joint sponsors.

**1.f.** ☐ The original petitioner is deceased.  I am the substitute sponsor.  I am the intending immigrant's
_____

**NOTE:** If you select Item Number 1.a., 1.b., 1.c., 1.d., 1.e., or 1.f., you must include proof of your U.S. citizenship, U.S. national status, or lawful permanent resident status.

## Part 2.  Information About the Principal Immigrant

**1.a.** Family Name (Last Name) _____

**1.b.** Given Name (First Name) _____

**1.c.** Middle Name _____

### *Mailing Address*

**2.a.** In Care Of Name _____

**2.b.** Street Number and Name _____

**2.c.** ☐ Apt.  ☐ Ste.  ☐ Flr. _____

**2.d.** City or Town _____

**2.e.** State _____  **2.f.** ZIP Code _____

**2.g.** Province _____

**2.h.** Postal Code _____

**2.i.** Country _____

## Part 2. Information About the Principal Immigrant (continued)

### Other Information

3. Country of Citizenship or Nationality

4. Date of Birth (mm/dd/yyyy)

5. Alien Registration Number (A-Number) (if any)

▶ A-

6. USCIS ELIS Account Number (if any)

▶

7. Daytime Telephone Number

## Part 3. Information About the Immigrants You Are Sponsoring

1. I am sponsoring the principal immigrant named in Part 2.

   ☐ Yes  ☐ No  (Applicable only if you are sponsoring family members in Part 3. as the second joint sponsor)

2. ☐ I am sponsoring the following family members immigrating at the same time or within six months of the principal immigrant named in Part 2. (Do not include any relative listed on a separate visa petition.)

### Family Member 1

3.a. Family Name (Last Name)

3.b. Given Name (First Name)

3.c. Middle Name

4. Relationship to Sponsored Immigrant

5. Date of Birth (mm/dd/yyyy)

6. Alien Registration Number (A-Number) (if any)

   ▶ A-

7. USCIS ELIS Account Number (if any)

   ▶

### Family Member 2

8.a. Family Name (Last Name)

8.b. Given Name (First Name)

8.c. Middle Name

9. Relationship to Sponsored Immigrant

10. Date of Birth (mm/dd/yyyy)

11. Alien Registration Number (A-Number) (if any)

    ▶ A-

12. USCIS ELIS Account Number (if any)

    ▶

### Family Member 3

13.a. Family Name (Last Name)

13.b. Given Name (First Name)

13.c. Middle Name

14. Relationship to Sponsored Immigrant

15. Date of Birth (mm/dd/yyyy)

16. Alien Registration Number (A-Number) (if any)

    ▶ A-

17. USCIS ELIS Account Number (if any)

    ▶

### Family Member 4

18.a. Family Name (Last Name)

18.b. Given Name (First Name)

18.c. Middle Name

**Part 3. Information About the Immigrants You Are Sponsoring** (continued)

19. Relationship to Sponsored Immigrant

20. Date of Birth (mm/dd/yyyy)

21. Alien Registration Number (A-Number) (if any)
    ▶ A-

22. USCIS ELIS Account Number (if any)
    ▶

**Family Member 5**

23.a. Family Name (Last Name)

23.b. Given Name (First Name)

23.c. Middle Name

24. Relationship to Sponsored Immigrant

25. Date of Birth (mm/dd/yyyy)

26. Alien Registration Number (A-Number) (if any)
    ▶ A-

27. USCIS ELIS Account Number (if any)
    ▶

28. Enter the total number of immigrants you are sponsoring on this affidavit from Item Numbers 1.a. - 27.

**Part 4. Information About You (Sponsor)**

**Sponsor's Full Name**

1.a. Family Name (Last Name)

1.b. Given Name (First Name)

1.c. Middle Name

**Sponsor's Mailing Address**

2.a. In Care Of Name

2.b. Street Number and Name

2.c. ☐ Apt. ☐ Ste. ☐ Flr.

2.d. City or Town

2.e. State ☐    2.f. ZIP Code

2.g. Province

2.h. Postal Code

2.i. Country

3. Is your current mailing address the same as your physical address?
   ☐ Yes ☐ No

If you answered "No" to Item Number 3., provide your physical address below.

**Sponsor's Physical Address**

4.a. Street Number and Name

4.b. ☐ Apt. ☐ Ste. ☐ Flr.

4.c. City or Town

4.d. State ☐    4.e. ZIP Code

4.f. Province

4.g. Postal Code

4.h. Country

| For USCIS Use Only | |
|---|---|

## Part 4. Information About You (Sponsor) (continued)

### Other Information

5.  Country of Domicile

6.  Date of Birth (mm/dd/yyyy)

7.  City or Town of Birth

8.  State or Province of Birth

9.  Country of Birth

10. U.S. Social Security Number (Required)

    ▶

Citizenship or Residency

11.a. ☐ I am a U.S. citizen.

11.b. ☐ I am a U.S. national.

11.c. ☐ I am a lawful permanent resident.

12. Sponsor's A-Number (if any)

    ▶ A-

13. Sponsor's USCIS ELIS Account Number (if any)

    ▶

Military Service (To be completed by petitioner sponsors only.)

14. I am currently on active duty in the U.S. Armed Forces or U.S. Coast Guard.           ☐ Yes  ☐ No

## Part 5. Sponsor's Household Size

NOTE:  Do not count any member of your household more than once.

Persons you are sponsoring in this affidavit:

1.  Provide the number you entered in Part 3., Item Number 28.

Persons NOT sponsored in this affidavit:

2.  Yourself.

3.  If you are currently married, enter "1" for your spouse.

4.  If you have dependent children, enter the number here.

5.  If you have any other dependents, enter the number here.

6.  If you have sponsored any other persons on Form I-864 or Form I-864 EZ who are now lawful permanent residents, enter the number here.

7.  OPTIONAL:  If you have siblings, parents, or adult children with the same principal residence who are combining their income with yours by submitting Form I-864A, enter the number here.

8.  Add together Part 5., Item Numbers 1. - 7. and enter the number here.           Household Size:

| For USCIS Use Only | |
|---|---|

## Part 6. Sponsor's Employment and Income

**I am currently:**

1.a. ☐ Employed as a/an

_____

1.a.1. Name of Employer 1 (if applicable)

_____

1.a.2. Name of Employer 2 (if applicable)

_____

1.b. ☐ Self employed as a/an (Occupation)

_____

1.c. ☐ Retired From (Company Name)

_____

since (mm/dd/yyyy) _____

1.d. ☐ Unemployed

since (mm/dd/yyyy) _____

2. My current individual annual income is:

$ _____

**Income you are using from any other person who was counted in your household size, including, in certain conditions, the intending immigrant. (See Form I-864 Instructions.) Please indicate name, relationship, and income.**

**Person 1**

3. Name

_____

4. Relationship

_____

5. Current Income          $ _____

**Person 2**

6. Name

_____

7. Relationship

_____

8. Current Income          $ _____

**Person 3**

9. Name

_____

10. Relationship

_____

11. Current Income          $ _____

**Person 4**

12. Name

_____

13. Relationship

_____

14. Current Income          $ _____

15. **My Current Annual Household Income** (Total all lines from Part 6., Item Numbers 2., 5., 8., 11., and 14.; the total will be compared to Federal Poverty Guidelines on Form I-864P.)

$ _____

16. ☐ The people listed in Item Numbers 3., 6., 9., and 12. have completed Form I-864A. I am filing along with this affidavit all necessary Form I-864As completed by these people.

| For USCIS Use Only | Household Size | Poverty Guideline | Remarks |
|---|---|---|---|
| | ☐ 1  ☐ 2  ☐ 3<br>☐ 4  ☐ 5  ☐ 6<br>☐ 7  ☐ 8  ☐ 9<br>☐ Other_____ | Year: _2 0__<br><br>Poverty Line:<br>$_____ | |

## Part 6. Sponsor's Employment and Income (continued)

17. ☐ One or more of the people listed in Item Numbers 3., 6., 9., and 12. do not need to complete Form I-864A because he or she is the intending immigrant and has no accompanying dependents.

Name

[                                              ]

### Federal Income Tax Return Information

18.a. Have you filed a Federal income tax return for each of the three most recent tax years?   ☐ Yes  ☐ No

**NOTE:** You **MUST** attach a photocopy or transcript of your Federal income tax return for only the most recent tax year.

18.b. ☐ (Optional) I have attached photocopies or transcripts of my Federal income tax returns for my second and third most recent tax years.

My total income (adjusted gross income on Internal Revenue Service (IRS) Form 1040EZ) as reported on my Federal income tax returns for the most recent three years was:

| | Tax Year | Total Income |
|---|---|---|
| 19.a. Most Recent | | $ |
| 19.b. 2nd Most Recent | | $ |
| 19.c. 3rd Most Recent | | $ |

20. ☐ I was not required to file a Federal income tax return as my income was below the IRS required level and I have attached evidence to support this.

## Part 7. Use of Assets to Supplement Income (Optional)

If your income, or the total income for you and your household, from Part 6., Item Numbers 19.a. - 19.c., exceeds the Federal Poverty Guidelines for your household size, YOU ARE NOT REQUIRED to complete this Part 7. Skip to Part 8.

### Your Assets (Optional)

1. Enter the balance of all savings and checking accounts.
   $ [            ]

2. Enter the net cash value of real-estate holdings. (Net value means current assessed value minus mortgage debt.)
   $ [            ]

3. Enter the net cash value of all stocks, bonds, certificates of deposit, and any other assets not already included in Item Number 1. or Item Number 2.
   $ [            ]

4. Add together Item Numbers 1. - 3. and enter the number here.   **TOTAL:** $ [            ]

Assets from Form I-864A, Part 4., Item Number 3.d., for:

5.a. Name of Relative
   [                                              ]

5.b. Your household member's assets from Form I-864A (optional).
   $ [            ]

Assets of the principal sponsored immigrant (optional). The principal sponsored immigrant is the person listed in Part 2., Item Numbers 1.a. - 1.c.

6. Enter the balance of the sponsored immigrant's savings and checking accounts.
   $ [            ]

| For USCIS Use Only | Household Size<br>☐ 1 ☐ 2 ☐ 3<br>☐ 4 ☐ 5 ☐ 6<br>☐ 7 ☐ 8 ☐ 9<br>☐ Other _____ | Poverty Guideline<br>Year: 2 0 ____<br><br>Poverty Line:<br>$ _____ | Sponsor's Household Income<br>*(Page 5, Line 10)*<br>$ _____<br><br>*The total value of all assets, line 10, must equal 5 times (3 times for spouses and children of USC's, or 1 time for orphans to be formally adopted in the U.S.) the difference between the poverty guidelines and the sponsor's household income, line 10.* | Remarks |
|---|---|---|---|---|

## Part 7. Use of Assets to Supplement Income (Optional) (continued)

7. Enter the net cash value of all the sponsored immigrant's real estate holdings. (Net value means investment value minus mortgage debt.)

   $ _____

8. Enter the current cash value of the sponsored immigrant's stocks, bonds, certificates of deposit, and other assets not included in Item Number 6. or Item Number 7.

   $ _____

9. Add together Item Numbers 6. – 8. and enter the number here.

   $ _____

**Total Value of Assets**

10. Add together Item Numbers 4., 5.b., and 9. and enter the number here.   **TOTAL:** $ _____

## Part 8. Sponsor's Contract, Statement, Contact Information, Certification, and Signature

**NOTE:** Read the information on penalties in the Penalties section of the Form I-864 Instructions before completing this part.

### Sponsor's Contract

Please note that, by signing this Form I-864, you agree to assume certain specific obligations under the Immigration and Nationality Act (INA) and other Federal laws. The following paragraphs describe those obligations. Please read the following information carefully before you sign Form I-864. If you do not understand the obligations, you may wish to consult an attorney or accredited representative.

## What is the Legal Effect of My Signing Form I-864?

If you sign Form I-864 on behalf of any person (called the intending immigrant) who is applying for an immigrant visa or for adjustment of status to a lawful permanent resident, and that intending immigrant submits Form I-864 to the U.S. Government with his or her application for an immigrant visa or adjustment of status, under INA section 213A, these actions create a contract between you and the U.S. Government. The intending immigrant becoming a lawful permanent resident is the consideration for the contract.

Under this contract, you agree that, in deciding whether the intending immigrant can establish that he or she is not inadmissible to the United States as a person likely to become a public charge, the U.S. Government can consider your income and assets as available for the support of the intending immigrant.

## What If I Choose Not to Sign Form I-864?

The U.S. Government cannot make you sign Form I-864 if you do not want to do so. But if you do not sign Form I-864, the intending immigrant may not become a lawful permanent resident in the United States.

## What Does Signing Form I-864 Require Me to do?

If an intending immigrant becomes a lawful permanent resident in the United States based on a Form I-864 that you have signed, then, until your obligations under Form I-864 terminate, you must:

A. Provide the intending immigrant any support necessary to maintain him or her at an income that is at least 125 percent of the Federal Poverty Guidelines for his or her household size (100 percent if you are the petitioning sponsor and are on active duty in the U.S. Armed Forces or U.S. Coast Guard, and the person is your husband, wife, or unmarried child under 21 years of age); and

## Part 8. Sponsor's Contract, Statement, Contact Information, Certification, and Signature (continued)

**B.** Notify U.S. Citizenship and Immigration Services (USCIS) of any change in your address, within 30 days of the change, by filing Form I-865.

### What Other Consequences Are There?

If an intending immigrant becomes a lawful permanent resident in the United States based on a Form I-864 that you have signed, then, until your obligations under Form I-864 terminate, the U.S. Government may consider (deem) your income and assets as available to that person, in determining whether he or she is eligible for certain Federal means-tested public benefits and also for state or local means-tested public benefits, if the state or local government's rules provide for consideration (deeming) of your income and assets as available to the person.

This provision does **not** apply to public benefits specified in section 403(c) of the Welfare Reform Act such as emergency Medicaid, short-term, non-cash emergency relief; services provided under the National School Lunch and Child Nutrition Acts; immunizations and testing and treatment for communicable diseases; and means-tested programs under the Elementary and Secondary Education Act.

### What If I Do Not Fulfill My Obligations?

If you do not provide sufficient support to the person who becomes a lawful permanent resident based on a Form I-864 that you signed, that person may sue you for this support.

If a Federal, state, local, or private agency provided any covered means-tested public benefit to the person who becomes a lawful permanent resident based on a Form I-864 that you signed, the agency may ask you to reimburse them for the amount of the benefits they provided. If you do not make the reimbursement, the agency may sue you for the amount that the agency believes you owe.

If you are sued, and the court enters a judgment against you, the person or agency that sued you may use any legally permitted procedures for enforcing or collecting the judgment. You may also be required to pay the costs of collection, including attorney fees.

If you do not file a properly completed Form I-865 within 30 days of any change of address, USCIS may impose a civil fine for your failing to do so.

### When Will These Obligations End?

Your obligations under a Form I-864 that you signed will end if the person who becomes a lawful permanent resident based on that affidavit:

**A.** Becomes a U.S. citizen;

**B.** Has worked, or can receive credit for, 40 quarters of coverage under the Social Security Act;

**C.** No longer has lawful permanent resident status and has departed the United States;

**D.** Is subject to removal, but applies for and obtains, in removal proceedings, a new grant of adjustment of status, based on a new affidavit of support, if one is required; or

**E.** Dies.

**NOTE:** Divorce does not terminate your obligations under Form I-864.

Your obligations under a Form I-864 that you signed also end if you die. Therefore, if you die, your estate is not required to take responsibility for the person's support after your death. However, your estate may owe any support that you accumulated before you died.

### Sponsor's Statement

**NOTE:** Select the box for either Item Number 1.a. or 1.b. If applicable, select the box for Item Number 2.

**1.a.** ☐ I can read and understand English, and have read and understand every question and instruction on this affidavit, as well as my answer to every question.

**1.b.** ☐ The interpreter named in **Part 9.** has also read to me every question and instruction on this affidavit, as well as my answer to every question, in

[                                                    ]

a language in which I am fluent. I understand every question and instruction on this affidavit as translated to me by my interpreter, and have provided complete, true, and correct responses in the language indicated above.

## Part 8. Sponsor's Contract, Statement, Contact Information, Certification, and Signature (continued)

2. ☐ I have requested the services of and consented to

[                                                        ],

who ☐ is ☐ is not an attorney or accredited representative, preparing this affidavit for me.

### Sponsor's Contact Information

3. Sponsor's Daytime Telephone Number

[                                                        ]

4. Sponsor's Mobile Telephone Number (if any)

[                                                        ]

5. Sponsor's Email Address (if any)

[                                                        ]

### Sponsor's Certification

Copies of any documents I have submitted are exact photocopies of unaltered, original documents, and I understand that USCIS or the Department of State may require that I submit original documents to USCIS or the Department of State at a later date. Furthermore, I authorize the release of any information from any and all of my records that USCIS or the Department of State may need to determine my eligibility for the benefit that I seek.

I furthermore authorize release of information contained in this affidavit, in supporting documents, and in my USCIS or Department of State records to other entities and persons where necessary for the administration and enforcement of U.S. immigration laws.

I certify, under penalty of perjury, that the information in my affidavit and any document submitted with my affidavit were provided by me and are complete, true, and correct, and:

A. I know the contents of this affidavit of support that I signed;

B. I have read and I understand each of the obligations described in **Part 8.**, and I agree, freely and without any mental reservation or purpose of evasion, to accept each of those obligations in order to make it possible for the immigrants indicated in **Part 3.** to become lawful permanent residents of the United States;

C. I agree to submit to the personal jurisdiction of any Federal or state court that has subject matter jurisdiction of a lawsuit against me to enforce my obligations under this Form I-864;

D. Each of the Federal income tax returns submitted in support of this affidavit are true copies, or are unaltered tax transcripts, of the tax returns I filed with the IRS;

E. I understand that, if I am related to the sponsored immigrant by marriage, the termination of the marriage (by divorce, dissolution, annulment, or other legal process) will not relieve me of my obligations under this Form I-864; and

F. I authorize the Social Security Administration to release information about me in its records to the Department of State and USCIS.

### Sponsor's Signature

6.a. Sponsor's Signature

➡ [                                                        ]

6.b. Date of Signature (mm/dd/yyyy)

[                        ]

**NOTE TO ALL SPONSORS:** If you do not completely fill out this affidavit or fail to submit required documents listed in the Instructions, USCIS or the Department of State may deny your affidavit.

## Part 9. Interpreter's Contact Information, Certification, and Signature

Provide the following information about the interpreter.

### Interpreter's Full Name

1.a. Interpreter's Family Name (Last Name)

1.b. Interpreter's Given Name (First Name)

2. Interpreter's Business or Organization Name (if any)

### Interpreter's Mailing Address

3.a. Street Number and Name

3.b. ☐ Apt. ☐ Ste. ☐ Flr.

3.c. City or Town

3.d. State       3.e. ZIP Code

3.f. Province

3.g. Postal Code

3.h. Country

### Interpreter's Contact Information

4. Interpreter's Daytime Telephone Number

5. Interpreter's Email Address (if any)

### Interpreter's Certification

I certify that:

I am fluent in English and [                    ], which is the same language provided in Part 8., Item Number 1.b.;

I have read to this sponsor every question and instruction on this affidavit, as well as the answer to every question, in the language provided in Part 8., Item Number 1.b.; and

The sponsor has informed me that he or she understands every instruction and question on the affidavit, as well as the answer to every question, and the sponsor verified the accuracy of every answer.

### Interpreter's Signature

6.a. Interpreter's Signature

6.b. Date of Signature (mm/dd/yyyy)

## Part 10. Contact Information, Statement, Certification, and Signature of the Person Preparing this Affidavit, If Other Than the Sponsor

Provide the following information about the preparer.

### Preparer's Full Name

1.a. Preparer's Family Name (Last Name)

1.b. Preparer's Given Name (First Name)

2. Preparer's Business or Organization Name (if any)

## Part 10. Contact Information, Statement, Certification, and Signature of the Person Preparing this Affidavit, If Other Than the Sponsor (continued)

### Preparer's Mailing Address

**3.a.** Street Number and Name [                    ]

**3.b.** ☐ Apt. ☐ Ste. ☐ Flr. [                    ]

**3.c.** City or Town [                    ]

**3.d.** State [   ▾]   **3.e.** ZIP Code [                    ]

**3.f.** Province [                    ]

**3.g.** Postal Code [                    ]

**3.h.** Country [                    ]

### Preparer's Contact Information

**4.** Preparer's Daytime Telephone Number
[                    ]

**5.** Preparer's Fax Number
[                    ]

**6.** Preparer's Email Address (if any)
[                    ]

### Preparer's Statement

**7.a.** ☐ I am not an attorney or accredited representative but have prepared this affidavit on behalf of the sponsor and with the sponsor's consent.

**7.b.** ☐ I am an attorney or accredited representative and my representation of the sponsor in this case
☐ extends ☐ does not extend beyond the preparation of this affidavit.

**NOTE:** If you are an attorney or accredited representative whose representation extends beyond preparation of this affidavit, you must submit a completed Form G-28, Notice of Entry of Appearance as Attorney or Accredited Representative, with this affidavit.

### Preparer's Certification

By my signature, I certify, swear, or affirm, under penalty of perjury, that I prepared this affidavit on behalf of, at the request of, and with the express consent of the sponsor. I completed this affidavit based only on responses the sponsor provided to me. After completing the affidavit, I reviewed it and all of the responses with the sponsor, who agreed with every answer on the affidavit. If the sponsor supplied additional information concerning a question on the affidavit, I recorded it on the affidavit.

### Preparer's Signature

**8.a.** Preparer's Signature
[                    ]

**8.b.** Date of Signature (mm/dd/yyyy) [                    ]

## Part 11.  Additional Information

If you need extra space to provide any additional information within this affidavit, use the space below.  If you need more space than what is provided, you may make copies of this page to complete and file with this affidavit or attach a separate sheet of paper.  Include your name and A-Number (if any) at the top of each sheet; indicate the **Page Number, Part Number,** and **Item Number** to which your answer refers; and sign and date each sheet.

### Your Full Name

**1.a.**  Family Name
(Last Name)

**1.b.**  Given Name
(First Name)

**1.c.**  Middle Name

**2.**  A-Number (if any)

▶ A-

**3.a.**  Page Number    **3.b.**  Part Number    **3.c.**  Item Number

**3.d.**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**4.a.**  Page Number    **4.b.**  Part Number    **4.c.**  Item Number

**4.d.**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**5.a.**  Page Number    **5.b.**  Part Number    **5.c.**  Item Number

**5.d.**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

# EXHIBIT "2"

1   Jeffrey B Neustadt SBN 57889
    PO Box 170249
2   San Francisco, CA 94117
    Tel: 415-434-4440
3   Fax: 415-962-4221
    email: jbneustadtlaw@sbcglobal.net
4   Attorney for Defendant, Edward Dorsaneo

5              UNITED STATES DISTRICT COURT - NORTHERN DISTRICT OF CALIFORNIA

6

| 7  | TETYANA DORSANEO, | Case No.: 4:17 – CV – 00765 |
|----|-------------------|------------------------------|
| 8  | Plaintiff, | |
| 9  | vs. | ANSWER TO COMPLAINT |
| 10 | EDWARD DORSANEO, | |
| 11 | Defendant | |

12   Comes now defendant, EDWARD DORSANEO and for his answer alleges as follows:

13      1.  Defendant admits the allegations of paragraphs 1 and two of the complaint

14      2.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations

15          contained in paragraph three of the complaint.

16      3.  Defendant admits the allegations of paragraphs four through six inclusive of the complaint.

17      4.  Defendant lacks knowledge or information sufficient to form of a belief about the truth of the

18          allegations contained in paragraph seven and eight of the complaint.

19      5.  Defendant admits the allegations of paragraphs 9 and 11 of the complaint.

20      6.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations

21          contained in paragraph 10 of the complaint

22      7.  Defendant lacks knowledge or information sufficient to form a belief of about the truth of the

23          allegations contained in paragraph 13 through 23 inclusive of the complaint.

24      8.  Defendant admits the allegations of paragraphs 24 through 27 of the complaint

25      9.  Defendant lacks knowledge or information sufficient to form a  belief about the truth of the allegations

26          contained in paragraphs 28 through 33 inclusive of the complaint

27      10. Defendant lacks knowledge or information to form a belief about the truth of the allegations contained

28          in paragraphs 35 through 45 inclusive of the complaint.

                                    ANSWER TO COMPLAINT - 1

1 | AFFIRMATIVE DEFENSES

2 | Defendant asserts the following affirmative defenses:

3 | 1., Defendant alleges and asserts that any alleged contract or third-party beneficiary contract was procured by

4 | the fraud of plaintiff as she married defendant only to obtain a green card and eventual citizenship of this

5 | country and never intended to stay married to him.

6 | 2, Defendant alleges and asserts that plaintiff is estopped from being bringing the instant claim because she

7 | never intended to fulfill her marriage to defendant which was the basis for obtaining a green card and eventual

8 | citizenship of this country.

9 | 3, Defendant alleges and asserts that any alleged contract or third-party beneficiary contract was procured

10 | illegally as plaintiff acted in violation of law by defrauding defendant only to obtain a green card and eventual

11 | citizenship of this country and for no other reason.

12 |

13 | WHEREFORE, defendant prays:

14 | 1, That this claim be dismissed with prejudice;

15 | 2. That defendant be awarded his attorney fees;

16 | 3. That defendant be awarded his costs;

17 | 4. And for such further and other relief that this Court deems just and in proper.

18 |

19 |

20 | Dated this 10 of April, 2017.

21 |
/s/ Jeffrey B Neustadt

22 | Jeffrey B Neustadt
Attorney for defendant, EDWARD DORSANEO

23 |

24 |

25 |

26 |

27 |

28 |
ANSWER TO COMPLAINT - 2