Jeffrey B Neustadt SBN 57889
PO Box 170249
San Francisco, CA 94117
Tel: 415-434-4440
Fax: 415-962-4221
email: jbneustadtlaw@sbcglobal.net
Attorney for Defendant, Edward Dorsaneo

UNITED STATES DISTRICT COURT - NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TETYANA DORSANEO,<br><br>Plaintiff,<br>vs.<br>EDWARD DORSANEO,<br><br>Defendant | Case No.: 4:17 – CV – 00765<br><br>OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS; DEFENDANT'S COUNTER-MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>FRCP 12(c), (h)(2)<br>Date:   July 20, 2017<br>Time:   10:00am<br>Dept:   Courtroom 4 / 17th Floor<br>Judge:  Hon. Vince Chhabria |

**DEFENDANT'S OPPOSITION TO**
**PLAINTIFF's MOTION FOR JUDGMENT ON THE PLEADINGS; AND**
**DEFENDANT'S COUNTER-MOTION OFR JUDGMENT ON THE PLEADINGS**

As set forth herein below, Defendant respectfully requests that this Court dismiss the complaint against him pursuant to FRCP 12(c) in that, as shown herein below, the complaint fails to state a claim on which relief can be granted. To the extent that the allegations in the complaint are not dismissed by the Court, this case is not ripe for adjudication in that there are genuine issues of Disputed Material Facts (hereinafter "DMF") relating to the remaining allegations that must be resolved by discovery, negotiation, and ultimately the jury as finder of fact either in relation to (1) the formation of an enforceable contract, (2) the completion of the

Defendant's obligations if there was an enforceable contract, (3) the eligibility of the Plaintiff for public benefits in each individual month prior to the completion of the Defendant's obligations, and (4) any income earned by Plaintiff, and (5) any receipt of public benefits by the Plaintiff.

## **LEGAL STANDARDS**

1. A defense of "Failure to state a claim upon which relief can be granted" may be raised at any time by a motion under Rule 12(c). – FRCP 12(h)(2).
2. Effective denial - "A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial" – FRCP 8(b)(5).
3. "an alien spouse [] *shall* be considered, at the time of obtaining the status of an alien lawfully admitted for permanent residence, *to have obtained such status on a conditional basis*" [emphasis added] – 8 U.S. Code § 1186a(a)(1).
4. **"**In the case of an alien with *permanent resident status on a conditional basis* under subsection (a), if the Secretary of Homeland Security determines, before the second anniversary of the alien's obtaining the status of lawful admission for permanent residence, that (A) the qualifying marriage [] (ii) has been judicially [] terminated [] the Secretary of Homeland Security [] *shall terminate the permanent resident status* of the alien [] involved as of the date of the determination." [emphasis added] – 8 U.S. Code § 1186a(b)(1), (b)(1)(A)(ii). The alien is entitled to a hearing during such removal proceeding to review such determination – 8 U.S. Code § 1186a(b)(2).

5. Joint petition of spouse is required to remove the _conditional basis_, and if not timely filed, within the 90 days prior to the second anniversary, or if either party does not appear for a personal interview required by the Secretary of Homeland Security after such petition to remove _conditional basis_ is filed, "the Secretary of Homeland Security _shall terminate the permanent resident status_ of the alien as of the second anniversary of the alien's lawful admission for permanent residence." [emphasis added] – 8 U.S. Code § 1186a(c)(2)(A)(ii).

6. "You can _apply to waive the joint filing requirement_ if you are no longer married to your spouse []. In such cases, you may apply to remove the conditions on your permanent residence at any time you become a conditional resident, but before you are removed from the country. You must provide evidence that removal from the United States would cause you _extreme hardship_." [emphasis added] -- ] – Memo of the USCIS  - Request for Judicial Notice, Exhibit 5, page 1; See also 8 U.S. Code § 1186a(c)(4).

7. The obligations under Form I-864 end when the alien applies for, and receives, a new grant for adjustment of status from the Secretary of the Department of Homeland Security. - I-864, Exhibit 2 to First Amended Answer to Complaint, at Page 8, Paragraph 4 of the section entitled "When will these obligations end."

## **FACTUAL BACKGROUND**

8. Plaintiff alleges that she received a grant of LPR (Legal Permanent Resident) status on February 5, 2014. – Complaint at ¶ 30.  No discovery has yet been performed and for the purposes of this motion, the Defendant does not dispute this fact.

9. In his original answer defendant admitted only those allegations in paragraphs 1, 2, 4-6, 9, 11, and 24-27 of the complaint. – ECF #12.

10. In his amended answer defendant admits only those allegations in paragraphs 1, 2, 4-6, 9, 11, 24, 26 (in part), 27-28 of the complaint – ECF #35.

## ARGUMENT

### I: THE COMPLAINT FAILS TO STATE A CLAIM ON WHICH RELIEF MAY BE GRANTED

11. Assuming, solely for the purpose of this argument, that all allegations of the Plaintiff in her complaint are "true facts" for the purpose of judgment on the pleadings, her complaint fails to state a claim on which relief may be granted.

12. Plaintiff alleges that she received her grant of LPR status on February 5, 2014.

13. Plaintiff alleges that she still has "LPR" status. – Complaint at ¶ 7.

14. Such status must have been "conditional status" - 8 U.S. Code § 1186a(a)(1).

15. As of the second anniversary of the grant of conditional LPR status, February 5, 2016, one of three things occurred as a matter of operation of law:

   a. the grant of LPR status was revoked, due to the short duration of the marriage, in accordance with the terms of 8 U.S. Code § 1186a(b)(2);

   b. the grant of LPR status was revoked, due to the failure of the parties to jointly file a petition for the conditions to be removed in the 90 day window prior to the second anniversary, in accordance with the terms of 8 U.S. Code § 1186a(c)(2)(A)(ii); or

c. the Petitioner requested, and received, prior to that second anniversary, a "hardship waiver" to allow her to remove the joint filing status and proceed as an individual. - 8 U.S. Code § 1186a(c)(4), 8 CFR § 216, Form I-751 as shown in Exhibit 4 of the Request for Judicial Notice.

16. In each of those three outcomes, the Plaintiff became the "subject of removal" and was compelled to follow the process of law set forth herein to retain her LPR status. Each of those three outcomes terminates the obligations of the Defendant petitioner under the Form I-864 as follows:

    a. 8 U.S. Code § 1186a(b)(2) gives no discretion to the Secretary of the Department of Homeland Security. The LPR status *shall* be revoked if the conditional status remains at the end of the second anniversary of its grant and the underlying marriage was terminated prior to that time. Plaintiff is permitted in removal proceedings to apply for a new "change of status". - I-864, Exhibit 2 to First Amended Answer to Complaint, at Page 8, Paragraph 4 of the section entitled "When will these obligations end."

    b. 8 U.S. Code § 1186a(c)(2)(A)(ii) also gives no discretion to the Secretary of the Department of Homeland Security. The LPR status *shall* be revoked if the conditional status remains at the end of the second anniversary of its grant if the parties fail to jointly petition for the removal of such status. Plaintiff is permitted in removal proceedings to apply for a new "change of status". - I-864, Exhibit 2 to

First Amended Answer to Complaint, at Page 8, Paragraph 4 of the section entitled "When will these obligations end."

    c. Prior to the expiration of the two-year anniversary of the initial grant, 8 U.S. Code § 1186a(c)(4), 8 CFR § 216, Form I-751 give the Plaintiff the right to file for a new "change of status" as an individual applicant, without the original sponsor, in lieu of the original joint petition – see also, Exhibit 5 of Request for Judicial Notice, public instructions of the USCIS entitled "Remove Conditions on Permanent Residence Based on Marriage"

17. Plaintiff admits in Paragraph 7 of her complaint that she still has "LPR" status. As a matter of operation of law shown above, the only way that could be so is that (1) she filed for a new grant for "change [adjustment] of status" without her original sponsor, the Defendant herein, and that (2) the Secretary of the Department of Homeland Security agreed to such new grant for "change of status", thereby terminating and excusing the original sponsor's obligations.

18. Accordingly, the since the obligations of the defendant have ended, there remains no claim in the Plaintiff's complaint for which relief may be granted and the Defendant respectfully requests that this Court dismiss the complaint with prejudice and award attorney's fees to Defendant.

###

###

###

## II: THERE REMAIN GENUINE ISSUES OF DISPUTED MATERIAL FACT

19. Plaintiff in her motion for judgment on the pleadings must "clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that [she] is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* **896 F.2d 1542**, 1550 n.19 (9th Cir. 1990). Court should accept all undisputed facts as true. *MacDonald v. Grace Church Seattle*, **457 F.3d 1079**, 1081 (9th Cir. Wash. 2006). As to all remaining facts, those "of the nonmoving party are accepted as true, while contradicting allegations of the moving party are assumed to be false." *Ibid*.

20. Of the 45 numbered paragraphs of the Plaintiff's complaint, only 11 of those paragraphs are not currently at issue for ultimate resolution in the discovery and trial processes. – see ¶¶ 9, 10 above.

21. Those remaining 11 paragraphs do not form the complete basis or set of required elements for any cause of action.

22. The proof of truth or falsity of the allegations in the remaining 34 numbered paragraphs remain at issue pending discovery, negotiation, and ultimately the jury as finder of fact either in relation to (1) the formation of an enforceable contract, (2) the completion of the Defendant's obligations if there was an enforceable contract, (3) the eligibility of the Plaintiff for public benefits in each individual month prior to the completion of the Defendant's obligations, (4) any income earned by Plaintiff, and (5) any receipt of public benefits by the Plaintiff.

23. Material issues of fact remain to be resolved and Plaintiff is not entitled to judgment as a matter of law. - *Hal Roach Studios, supra.* at 1550.

24. Accordingly, in light of those remaining material issues of fact, the Defendant respectfully requests that this Court deny the Plaintiff's request enter judgment as a matter of law, and set this case for trial to the extent that the Court has not otherwise dismissed the Plaintiff's causes of action.

## III: OPPOSING PLAINTIFF'S OTHER LEGAL THEORIES

### [A] Computation of Damages

25. The sponsor of a valid and enforceable I-864 has an obligation to "maintain" the sponsored alien at an income of 125% of poverty level to avoid the potential outcome of the alien becoming a public charge - *Erler v. Erler*, 824 F. 3d 1173, 1176 (9th Circuit 2016).

26. Those obligations may be terminated as a matter of law, and may also be excused or waived by acts of the federal government, or by the non-party beneficiary of the I-864 contract – *Erler, supra* at 1177.

27. The Plaintiff's personal income and other source of income are relevant to the determination of how much support is needed – *Erler, supra* at 1180, stating "Nor did the district court address the ultimate question of whether, for the years since her separation from Yashar, Ayla's income was at least 125% of the poverty guidelines for a one-person household"

28. There are no facts on record regarding Plaintiff's income during the period since their separation.

29. Accordingly, the Defendant respectfully requests that this Court deny the Plaintiff's request to compute damages, and set this case for trial to the extent that the Court has not otherwise dismissed the Plaintiff's causes of action.

### [B] "Heart Balm" Statutes

30. This case is fully distinguished from the citations of the Plaintiff regarding applicability of California's "Heart Balm" statutes. CA Civ Code §§ 43.4, 43.5, in that the statutes and those cases deal with "claims for damages" arising in contract and tort from breach of promise of marriage and fraudulent promises of marriage, and do not address affirmative defenses.

31. The Defendant's "affirmative defenses" are not "claims for damages" – FRCP 8(a), (c), and are raised for the legitimate purpose of showing that the contract argued in this case is either void or voidable.

32. Additionally, if the Plaintiff's legal arguments were correct, they would lead to the nonsensical result that one could not sue for nullity of marriage on the basis of fraud in the inducement, a procedure which is explicitly permitted by California law – California Family Code §§ 310, 2000, 2210(d).

33. Accordingly, the Defendant respectfully requests that this Court deny the Plaintiff's request to strike his affirmative defenses related thereto, and set this case for trial to the extent that the Court has not otherwise dismissed the Plaintiff's causes of action.

**[C] Plaintiff's request for partial judgment on the pleadings.**

34. Of the 45 numbered paragraphs of the Plaintiff's complaint, only 11 of those paragraphs are not currently at issue for ultimate resolution in the discovery and trial processes. – see Paragraph 10 above.

35. Those 11 paragraphs do not form the complete basis or set of required elements for any cause of action.

36. Accordingly, the Defendant respectfully requests that this Court deny Plaintiff's request to award partial judgment on the pleadings.

## CONCLUSION

Defendant respectfully requests that this Court dismiss the complaint, with prejudice, on the basis of the facts and legal conclusions set forth herein. In the alternative, Defendant respectfully requests that this Court deny Plaintiff's motion for judgment on the pleadings, schedule discovery, and set this case for trial as to the remaining genuine issues of disputed material facts.

Dated this 14 day of June, 2017.

/s/ Jeffrey B Neustadt
Jeffrey B Neustadt
Attorney for defendant, EDWARD DORSANEO