Jeffrey B Neustadt SBN 57889
PO Box 170249
San Francisco, CA 94117
Tel: 415-434-4440
Fax: 415-962-4221
email: jbneustadtlaw@sbcglobal.net
Attorney for Defendant, Edward Dorsaneo

UNITED STATES DISTRICT COURT - NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TETYANA DORSANEO, | Case No.: 3:17 – CV – 00765 |
| Plaintiff, | |
| vs. | |
| EDWARD DORSANEO, | OMNIBUS REPLY FOR DEFENDANT'S AND PLAINTIFF'S MOTION(S) FOR JUDGMENT ON THE PLEADINGS |
| Defendant | |
| | FRCP 12(c), (h)(2) |
| | Date: July 20, 2017 |
| | Time: 10:00am |
| | Dept: Courtroom 4 / 17th Floor |
| | Judge: Hon. Vince Chhabria |

## OMNIBUS REPLY FOR DEFENDANT'S and PLAINTIFF's MOTION(S) FOR JUDGMENT ON THE PLEADINGS

The issues to be decided by this Court within the context of these motions are narrow:

1) What is the applicable law?

2) Are there material disputed facts in relation to the motion of a party? If so, they are fatal to a

motion for judgment on the pleadings of that party.

3) What are the due process rights of each party?


In light of those material disputed facts outlined below and controlling law such as

_MacDonald v. Grace Church Seattle_, **457 F.3d 1079**, 1081 (9th Cir. Wash. 2006) and FRCP

8(b)(5) regarding those "facts" in the context of these motions, this Court should not grant

Plaintiff's request for Judgment on the Pleadings.

In light of the mandates from Congress summarized below and the facts alleged in the Plaintiff's complaint, this Court is respectfully requested to grant the Defendant's motion for Judgment on the Pleadings and dismiss this case with prejudice.

The Defendant respectfully requests that this court deny Plaintiff's Request for Judicial Notice – ECF # 39.

## DISPUTED MATERIAL FACTS REMAIN AS TO PLAINTIFF's MOTION AND PLAINTFF'S MOTION SHOULD NOT BE GRANTED

1. There remain material disputed facts related to the void nature, validity and enforceability, and termination of obligations of the contract denoted by form I-864. In particular some of the Disputed Material Facts include, but are not limited to:

   a. Disputed: The plaintiff is a 'lawful permanent resident ("LPR") of the United States of America' – Complaint ¶ 8 – ECF #1, disputed by Answer ¶ 4 – ECF #12, Amended Answer ¶ 5 –ECF #35.

   b. Disputed: "None of the Terminating Events set forth in the Contract have occurred" Complaint ¶ 32, disputed by Answer ¶ 9, Amended Answer ¶ 15.

   c. Disputed: a valid and enforceable contract was formed. Complaint ¶¶ 29, 35-40, disputed by Answer ¶¶ 9, 10; Amended Answer ¶¶ 13, 16-81; Answer – Affirmative Defenses

2. The Defendant's statements in Answer ¶¶ 4, 9-10; Amended Answer ¶¶ 5, 13, 15-81 are effective denials of Plaintiff's allegations- FRCP 8(b)(5) in light of the test outlined in *MacDonald, supra* holding that ("We […] treat as false those allegations in the answer that contradict MacDonald's [Defendant's] allegations.") citing to *Smith v. Pacific Props. & Dev. Corp.,* 358 **F.3d** 1097, 1100 (9th Cir.2004).

3. Plaintiff appears to misunderstand the effect of FRCP 8(b)(5) on the facts at issue in her motion and thus has not met her burden of establishing "on the face of the pleadings that no material issue of fact remains to be resolved and that [she] is entitled to judgment as a matter of law" – *MacDonald, supra.*

4. The disputed facts may be resolved by due process, including, but not limited to: (1) discovery, (2) party admission, (3) determination by a jury as trier of fact.

5. Accordingly, this Court should not grant Plaintiff's motion, since, in light of those Disputed Material Facts, as she has not established the truth of material facts on the face of her pleadings.

## NO DISPUTED MATERIAL FACTS REMAIN AS TO
## DEFENDANT'S MOTION TO DISMISS

6. The Plaintiff alleges that she was granted LPR status as of February 5, 2014. Complaint ¶ 30. For the purposes of Defendant's Motion to Dismiss, this is deemed a true fact. – *Macdonald, supra.*

7. In her Opposition, Plaintiff submits to the Court, couched as a Request for Judicial Notice, a barely legible receipt dated April 7, 2017 – ECF # 39. This receipt does not support her position as it is dated **more than 3 years after** the grant of LPR status she has alleged. The provenance and context of this receipt are unknown at this time and subject to discovery and evidentiary objection which is raised hereby.

8. The legal standard created by Congress to which the Secretary of the Department of Homeland Security is held specifies a period of maximum 2 years after an initial grant of LPR status before such status is terminated as a matter of law. The Plaintiff has offered

nothing in properly supported evidence to mitigate any conclusions following the lapse of two years.

9. The lapse of two years is fatal to her claim -- 8 U.S. Code § 1186a(b)(2), 8 U.S. Code § 1186a(c)(2)(A)(ii), 8 U.S. Code § 1186a(c)(4), 8 CFR § 216, Form I-751.

10. Accordingly, this Court should grant Defendant's motion to dismiss the case, with prejudice, as a matter of law.

## **CONCLUSION**

Defendant respectfully requests that this Court dismiss the complaint, with prejudice, on the basis of the facts and legal conclusions set forth herein and deny her Request for Judicial Notice.  In the alternative, Defendant respectfully requests that this Court deny Plaintiff's motion for judgment on the pleadings, schedule discovery, and set this case for trial as to the remaining genuine issues of disputed material facts.

Dated this 28th day of June, 2017.

/s/ Jeffrey B Neustadt
Jeffrey B Neustadt
Attorney for defendant, EDWARD DORSANEO