Jeffrey B Neustadt SBN 57889
PO Box 170249
San Francisco, CA 94117
Tel: 415-434-4440
Fax: 415-962-4221
email: jbneustadtlaw@sbcglobal.net
Attorney for Defendant, Edward Dorsaneo

UNITED STATES DISTRICT COURT - NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TETYANA DORSANEO,<br><br>Plaintiff,<br><br>vs.<br><br><br>EDWARD DORSANEO,<br><br>Defendant | Case No.: 3:17 – CV – 00765<br><br><br>DECLARATION OF JEFFREY B. NEUSTADT ESQ. SUPPORTING OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br>Date:    February 1, 2018<br>Time:    10:00am<br>Dept:    Courtroom 2 / 17th Floor<br>Judge:    Hon. Vince Chhabria |

I, Jeffrey B. Neustadt, am an attorney licensed by the State of California and a member of this Court's bar. I represent the Defendant in the above-captioned matter and declare and state as follows, and if called to testify, would competently testify to the same of my own personal knowledge:

1. I have never made a written agreement to accept service of any and all documents attached to email in this case except for specific documents solicited at the very outset of the case, which to the best of my recollection, involved a stipulation to extend time and joint status conference statement. Further, my best recollection is that, in accordance with my long-standing practice, such permission was solicited and given, each time, prior to receiving the aforementioned documents and/or sending them through email so that I could check timely delivery and request retransmission if a delay or other problem occurred. I did not and would not have agreed to receive all documents attached to email thereafter, in lieu of US Mail, as I

have had various problems with my email concerning attached documents, especially with large attachments, and have had incoming email with attached documents go somewhere other than the appropriate email inbox for the email address that I gave to Plaintiff's attorney. This is not to say that there was no email going back and forth between my office and Plaintiff's attorney's office.

2. I do not recall receiving discovery documents from Plaintiff's attorney, I never received a proof of service, I was never contacted about a meet and confer, and I never received a motion to compel. Had any of these communications reached me, I would have replied promptly.

3. I have attached hereto as Exhibit 1 a true and accurate copy of "ECF Service" retrieved from this Court's website on January 18, 2018.

4. I have attached hereto as Exhibit 2 a true and accurate copy of the US Postal Service tracking the delivery of the copies of the Revocation of Petition filed by my office on behalf of Mr. Dorsaneo.

5. I have attached hereto as Exhibit 3 a true and accurate copy of the policy entitled "Public Charge" retrieved from the USCIS website on January 15, 2018.

6. I have attached hereto as Exhibit 4 a true and accurate copy of the fact sheet entitled "USCIS Issues Guidance For Approved Violence Against Women Act (VAWA) Self-Petitioners" retrieved from the USCIS website on January 14, 2018.

7. I have attached hereto as Exhibit 5 a true and accurate copy of the policy entitled "Adjustment of status for VAWA self-petitioner" retrieved from the USCIS website on January 14, 2018.

8. I have attached hereto as Exhibit 6 a true and accurate copy of a report published by the Congressional Research Service on May 15, 2012 entitled "Immigration Provisions of the

1. Violence Against Women Act (VAWA)".
9. I have attached hereto as Exhibit 7 a true and accurate copy of the policy entitled "Remove Conditions on Permanent Residence Based on Marriage" retrieved from the USCIS website on January 14, 2018.
10. I have attached hereto as Exhibit 8 a true and accurate copy of the Fox News report entitled "Immigrants preying on Americans with false tales of abuse to stay in US, experts say" – dated September 8, 2016.
11. I am of the opinion that the only competent evidence related to important dates needed in the correct computation of the dates any I-864 obligation may have begun, and may have ended, can only be supported by documents provided to the Plaintiff by the USCIS, such as an I-551 (aka "Green Card"), stamps in her passport, and other documents received from, or provided to, the USCIS. Thus far, the Plaintiff has only provided inadmissible hearsay testimony as to such dates and has not met her burden of proof as to clear and convincing evidence, and has not met the standard for the "best evidence rule" which renders her self-serving hearsay testimony highly suspect and inadmissible. February 4, 2014 is one such date, for which she alleges she received her conditional permanent residence status, yet she has not introduced a single document into the record to substantiate such claim. Her proposed summary judgment motion does not correct these defects, and she will be required to present the unaltered originals of such documents in Court if she wishes to make her case.
12. In addition, the Plaintiff has presented sworn testimony that contradicts itself in ways that strain credibility and will damage her at trial. As for one specific example, she attests that she had essentially no income in 2015 and 2016 (ECF #74 at pg 95 of 167), yet her Ex Parte Application to Proceed In Pauperis – ECF #2 ("EPAPP") states that she has a car loan of $10,500 as of February 2017– no reasonable juror could conclude that a car loan could be

1. obtained with the income she has selectively chosen to disclose. The EPAPP also discloses certain alleged expenses yet does not show expenses for gasoline or car insurance.

13. The Notice of Action 20170112 also states that the USCIS has made a finding that she has not met her burden of proof regarding a "good faith marriage", and has not met her burden of proof regarding "hardship" for the hardship waiver she filed in lieu of a joint petition to remove the conditions from her permanent residence status.

14. There are other such examples of contradictory "facts" presented by the Plaintiff herself that even when viewed in the best possible light cannot be reconciled by any reasonable juror, and which bear directly on a computation for damages, and I prefer to save those for impeachment at trial.

15. I am an attorney licensed to practice law in the state of California and the United States District Court for the Northern District of California. I am the attorney for the defendant in the above – entitled case. I have been practicing law in the above – referenced jurisdictions as well as others for a total of 48 years.

16. My initial contact with the court was in a telephonic conference call with the court and plaintiff's attorney. In that conversation, the Court chastised me for failure to file defendants opposition to the motion for judgment on the pleadings by the deadline. I explained to the court that I had been on the East Coast for over a week on a scheduled vacation and probably should have requested more time to file the opposition. I apologized for the same. The court stated that I should be sanctioned for failure to file on time and essentially that it was paying very close attention to me and I that I was walking on eggshells. The motion for judgment on the pleadings did not have a hearing pursuant to the Court's order and was submitted on the papers.

17. The next contact I had with the Court was in a telephonic conference on July 20, 2017 which was a status conference where various dates were set by the court. The Court does not allow cell phones on telephonic conferences with the court. During the conference, the Court asked if I was on a cell phone. I explained that I was in a cell phone because my office phone became nonfunctional as I attempted to call the court and there was no other way to be on time for the conference had I not used it. The Court again talked about sanctions against me with reference to using the cell phone.

18. On November 14 2017, I filed a motion to dismiss requesting that the court dismiss the case without prejudice, or that it dismiss with leave to amend. In its decision denying my motion, the court indicated that it should not have been considered in any case because it was beyond the court's deadline for hearing dispositive motions. In the body of the motion, I indicated that this was not a dispositive motion with citation to proper legal authority.

19. On December 4, 2017 plaintiff filed a motion for summary judgment and set it for hearing on December 21, 2017, which was and is a dispositive motion. The hearing date was well after the courts directive that the last date for a dispositive motion hearing was on November 30, 2017. In its ruling on the motion to dismiss the court also ruled that the motion for summary judgment would stay on calendar and that defendant would have until January 18, 2018 to respond.

20. All of my contacts with the court have been adverse as stated above. It appears the court has gone out of its way for the Plaintiff by, apparently, waiving its own rule with regard to dispositive motions. In addition, the Court has not allowed any live hearings on any motion to date.

1   I swear under the penalties of perjury that the foregoing is true and correct and that this

2   declaration was executed on January 18, 2017.

3   Dated this 18th day of January 2017.

4

5                                         /s/ Jeffrey B Neustadt
                                      Jeffrey B Neustadt
                                      Attorney for defendant, EDWARD DORSANEO

DECLARATION OF JEFFREY B. NEUSTADT ESQ. SUPPORTING OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
CASE 3:17 – CV – 00765
6