UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TETYANA DORSANEO,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD MATTHEW DORSANEO,<br><br>Defendant. | Case No.  17-cv-00765-VC<br><br>**ORDER SANCTIONING**<br>**DEFENDANT'S COUNSEL**<br><br>Re: Dkt. No. 109 |

The responses to the order to show cause issued on February 24, 2018 demonstrate that Edward Dorsaneo's counsel, Jeffrey Neustadt, engaged in at least two kinds of serious misconduct in this case.

1.  Neustadt violated California Rule of Professional Conduct 5-100, which prohibits members of the California bar from threatening to present criminal charges to obtain an advantage in a civil dispute.  Specifically, the defendant's brief opposing summary judgment asserted that Tetyana violated federal immigration and criminal law and argued that the Court should refer the matter to law enforcement for investigation.  Dkt. No. 96 at 24.  Instead of withdrawing these assertions, Neustadt's response to the order to show cause reaffirmed them, declaring, in fact, that Neustadt presented these allegations not just to the Court but also separately to law enforcement.  Dkt. No. 112 at 7.

Not only were these allegations inappropriate, they were also nonresponsive to the motion being briefed.  Neustadt raised these claims as a purported defense to Edward's liability in a motion that focused solely on the question of how much Edward owed Tetyana in damages. The Court had already ruled on the issue of liability.  Dkt. Nos. 55, 108.

Moreover, the evidence of Tetyana's alleged crime is ambiguous and unverifiable at best. The lack of adequate evidentiary support for these serious allegations on its own justifies sanctions under Federal Rule of Civil Procedure 11.

2. Neustadt's misconduct continued in his response to the Court's order to show cause. In his response, Neustadt's lead argument was that it would have been a crime for him *not* to make the criminal accusations against Tetyana under 18 U.S.C. § 4, which is the criminal statute prohibiting misprision of felony. Dkt. No. 112. However, two minutes of research would have revealed to Neustadt that, to commit misprision of felony, a person must take an affirmative act to conceal a crime – mere silence is not enough. *See United States v. Phillips*, 827 F.3d 1171, 1174-75 (9th Cir. 2016); *United States v. Ciambrone*, 750 F.2d 1416, 1418 (9th Cir. 1984). And even after Tetyana's response to the order to show cause made this point, and after the Court asked Neustadt whether he wished to withdraw his misprision argument at the hearing on the order to show cause, Neustadt declined to retract it – while admitting that he came upon 18 U.S.C. § 4 in researching "defenses" to the order to show cause. By asserting and continuing to press a plainly frivolous argument, Neustadt violated Rule 11 once again.

Thus, Neustadt violated Rule 11 at least twice: first in his motion papers – by advancing arguments in bad faith and for an improper purpose, without adequate evidentiary support – and then in his response to the order to show cause – by making a frivolous argument in his defense and pressing that argument in bad faith despite being on notice of how frivolous it was. Accordingly, Neustadt is ordered to pay $500 in monetary sanctions. Neustadt's check should be made payable to the Clerk of the Court for the Northern District of California. Payment must be received by the Clerk within 21 days of this order. In addition, Neustadt will be referred to the State Bar of California for further investigation of his conduct.

3. The order to show cause is lifted as to Edward, since it appears that he is not responsible for his counsel's misconduct.

**IT IS SO ORDERED.**

Dated: April 4, 2018

_____

VINCE CHHABRIA
United States District Judge